UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN FERNANDEZ,                                          :
    Plaintiff,                                        :
                                                      :
    v.                                                :    Case No. 3:17cv414 (VAB)
                                                      :
CAPTAIN DOUGHERTY, ET AL.,                               :
    Defendants.                                       :

## INITIAL REVIEW ORDER

John Fernandez ("Plaintiff") is incarcerated at the Corrigan Correctional Institution in

Uncasville, Connecticut.  He has filed a Complaint under 42 U.S.C. § 1983 against Captain

Dougherty, Counselor Gaudet, Lieutenant Prior, and District Administrator Quiros.  For the

reasons set forth below, the Complaint is dismissed in part.

## I.    Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A.  Although detailed allegations

are not required, the complaint must include sufficient facts to afford the defendants fair notice

of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. A complaint that includes only "'labels and conclusions,' 'a

formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.      Factual Allegations

On March 28, 2016, Captain Dougherty allegedly issued Mr. Fernandez a Class A disciplinary report for being a member of a Security Risk Group. Compl. ¶¶ 4-5. The report alleged that Mr. Fernandez had "displayed behaviors that are uniquely and clearly associated with [Latin King] activity" and that he "participated in an act of gang-related violence on March 23, 2016." *Id.* at ¶ 6. The Report did not list any witnesses, and listed other incident reports and video footage as the only physical evidence. *Id.* at ¶ 7.

Mr. Fernandez met with an investigator who assigned him an advocate, Defendant Gaudet. Compl. ¶ 15. Advocate Gaudet allegedly refused to permit Mr. Fernandez to see the evidence supporting the disciplinary report and did not otherwise assist Mr. Fernandez in preparing his defense. *Id.* at ¶¶ 16-17.

On March 31, 2016, Mr. Fernandez appeared at a hearing held by Lieutenant Prior. Compl. ¶ 19. Advocate Gaudet was not present at the hearing. *Id.* at ¶ 20. Lieutenant Prior allegedly found Mr. Fernandez guilty of being a Security Risk Group Member. He allegedly based his conclusions on video footage of the alleged violent incident that occurred on March 23, 2016 and corroborating statements from other inmates. *Id.* at ¶ 22. Lieutenant Prior did not

permit Mr. Fernandez to view the videotape or to review the witness statements. *Id*. at ¶ 23. At

the conclusion of the hearing, prison officials transferred Mr. Fernandez to Walker Correctional

Institution and placed in a restrictive housing unit designated for Security Risk Group Members.

*Id*. at ¶ 23.

Mr. Fernandez appealed the guilty finding and placement in the restrictive housing unit.

Compl. ¶ 28. District Administrator Quiros upheld the decision in a written opinion in which,

Mr. Fernandez alleges, he "did not comment on any of the grounds for which the appeal was

based." *Id.* at ¶ 28

Mr. Fernandez claims that he must remain classified as a Security Risk Group Member

for a year before becoming eligible for return to the general population. Compl. ¶ 26. The

conditions in the housing unit in which Mr. Fernandez has been confined since April 2016,

allegedly are significantly more restrictive than the conditions in general population. *See id.* at

¶¶ 30-32. He specifically alleges that inmates in administrative segregation are "denied all

parole opportunities" as well as access to "vocational, educational, and job training programs."

*Id*. at ¶ 30.

III.    **Discussion**

    A.    **Official Capacity Claims**

Mr. Fernandez seeks monetary damages and injunctive and declaratory relief. To the

extent that he seeks monetary damages from Defendants in official capacities, those claims are

barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh

Amendment, which protects the state from suits for monetary relief, also protects state officials

sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section

1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary

damages against the defendants in their official capacities are dismissed under 28 U.S.C. §

1915A(b)(2).

### B.    Fourteenth Amendment Claims

Mr. Fernandez also claims that Defendants violated his procedural due process rights

before and during the hearing held in connection with the disciplinary report charging him with

being a member of a Security Risk Group.  Mr. Fernandez alleges that, as a result, he has

endured restrictive conditions of confinement in the housing unit designated for Security Risk

Group Members since April 1, 2016.

To state a claim for violation of procedural due process in connection with his placement

in administrative or punitive segregation, Mr. Fernandez must show that (1) he possessed a

liberty interest and (2) defendants deprived him of that interest without sufficient process. *See*

*Giano v. Selsky,* 238 F.3d 223, 225 (2d Cir.2001); *see also Wilkinson v. Austin*, 545 U.S. 209,

221 (2005) ("We need reach the question of what process is due only if the inmates establish a

constitutionally protected liberty interest.").

Restrictive conditions that "impose an atypical and significant hardship" on inmates and

gave "rise to a liberty interest in their avoidance."  *Wilkinson*, 545 U.S. at 224; *see also Sandin v.*

*Connor*, 515 U.S. 472 (1995) (finding no liberty interest protecting against a 30-day assignment

to segregated confinement because it did not "present a dramatic departure from the basic

conditions of [the inmate's] sentence.").  In *Wilkinson*, the Supreme Court considered a due

process claim asserted by inmates who had been classified for placement in a high security

prison for safety and security reasons.  To determine whether inmates had a liberty interest in

avoiding confinement in the maximum security prison, the Court applied the standard set forth in

*Sandin v. Connor*. *See Wilkinson*, 545 U.S. at 223. "After *Sandin*," the Court concluded, "the

touchstone of the inquiry into the existence of a protected, state-created liberty interest in

avoiding restrictive conditions of confinement is not the language of regulations regarding those

conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of

prison life.'" *Id.* (quoting *Sandin*, 515 U.S. at 484).

Given Mr. Fernandez's description of the restrictive conditions in the designated Security

Risk Group Member housing unit in which he has been confined and the duration of his

confinement in that housing unit, the Court concludes that Mr. Fernandez has plausibly alleged

that he had a constitutional liberty interest in avoiding confinement in that housing unit. *See*

*Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (holding that "[c]onfinement in normal

[administrative segregation] conditions for 305 days [was] . . . a sufficient departure from

ordinary incidents of prison life to require procedural due process protections under *Sandin*");

*see also Wilkinson*, 545 U.S. at 224 (observing, when the plaintiff was placed in solitary

confinement for an undetermined period of at least thirty days and lost eligibility for parole, that

"[w]hile any of these conditions standing alone might not be sufficient to create a liberty interest,

taken together they impose an atypical and significant hardship within the correctional

context.").

In addition, Mr. Fernandez has alleged that he did not receive the process that he was due

before his placement in the Security Risk Group Member housing unit. The Second Circuit has

observed that administrative segregation can be "necessary to incapacitate an inmate who

'represents a security threat' or to 'complet[e] ... an investigation into misconduct charges.'"

*Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017) (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)); *see also Wilkinson*, 545 U.S. 209, 228-29 (2005) ("Where the inquiry draws more on the experience of prison administrators, and where the State's interest implicates the safety of other inmates and prison personnel, the informal, nonadversary procedures set forth in . . . *Hewitt,* provide the appropriate model.") (citations omitted).

As long as prison officials "seek to achieve one or both of those goals, they have wide latitude in the procedures they deploy" when using administrative segregation. *Proctor*, 846 F.3d at 609. Officials must provide "some notice of the charges against him and an opportunity to present his views to the prison official charged with [making administrative segregation decisions] although not necessarily a full hearing." *Id.* (internal citations omitted). In other words, "[a]lthough the hearing requirement for placement in administrative segregation may be met by an informal, non-adversary proceeding," the hearing must "be held at a meaningful time and in a meaningful manner, and must give the prisoner "adequate information about the basis of the charges against him." *Taylor v. Rodriguez*, 283 F.3d 188, 193 (2d Cir. 2001)(internal quotation marks and citations omitted).

Mr. Fernandez claims that the disciplinary report issued by Captain Dougherty was not sufficiently detailed to inform him of the basis for the charge asserted against him. In addition, he argues that he could not present his views at the hearing because Advocate Gaudet, and Lieutenant Prior did not provide him with sufficient notice of the charges or evidence against him prior to or during the hearing. Mr. Fernandez allegedly made Administrator Quiros aware of these procedural deficiencies, and Defendant Quiros allegedly failed to take any action to correct them. These allegations are sufficient to state a plausible Fourteenth Amendment procedural due

process claim against the defendants.  Mr. Fernandez's allegations, if true, describe a hearing that

was not "granted … in a meaningful manner," *Taylor*, 283 F.3d at 193, did not give him "some

notice of the charges against him," *Hewitt*, 459 U.S. at 474, and did not provide "an opportunity

to present his views."  *Id.*  Mr. Fernandez's Complaint, therefore, survives the review required by

28 U.S.C. § 1915A.

## ORDERS

The court enters the following orders:

(1)      All claims for monetary damages against Defendants in their official capacities

are **DISMISSED** under 28 U.S.C. § 1915A(b)(2).  Mr. Fernandez's Fourteenth Amendment

procedural due process claim will proceed against Captain Dougherty, Counselor Gaudet,

Lieutenant Prior and District Administrator Quiros in their individual capacities, but his claims

against Defendants in their official capacities are limited to claims for declaratory relief.

(2)      **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the

Department of Correction Office of Legal Affairs the current work addresses for Captain

Dougherty, Counselor Gaudet, Lieutenant Prior and District Administrator Quiros and mail a

waiver of service of process request packet to each Defendant in his or her individual capacity at

his or her current work address. On **the thirty-fifth (35th) day** after mailing, the Clerk shall

report to the court on the status of the request. If any Defendant fails to return the waiver request,

the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that

defendant shall be required to pay the costs of such service in accordance with Federal Rule of

Civil Procedure 4(d).

(3)      **Within twenty-one (21) days of this Order,** the U.S. Marshals Service shall

serve the summons, a copy of the complaint and this order on the defendants in their official

capacities by delivering the necessary documents in person to the Office of the Attorney General,

55 Elm Street, Hartford, CT 06141.

(4)     Defendants shall file their response to the complaint, either an answer or motion

to dismiss, **within sixty (60) days** from the date the notice of lawsuit and waiver of service of

summons forms are mailed to them. If the defendants choose to file an answer, they shall admit

or deny the allegations and respond to the cognizable claims recited above. They may also

include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be

completed **within six months (180 days)** from the date of this order. Discovery requests should

not be filed with the Court.

(6)     All motions for summary judgment shall be filed **within seven months (210**

**days)** from the date of this order.

(7)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the

complaint and this order to the Connecticut Attorney General and the Department of Correction

Legal Affairs Unit.

SO ORDERED at Bridgeport, Connecticut this 19th day of July, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE